UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARNES GROUP, et al.,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>DOES, et al.,<br>    *Defendants*. | Civil No. 12cv1688 (JBA) |

### ORDER ON PLAINTIFF BARNES GROUP'S
### MOTION FOR ATTORNEY'S FEES [DOC. # 44]

Plaintiff Barnes Group, Inc.'s ("BGI") Motion for Default Judgment and Permanent Injunction was granted [Doc. # 41] on July 23, 2013, and the Court awarded Plaintiff BGI attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) in an amount to quantified by the Court based on appropriate documentation.  Documentation has been supplied in BGI's Motion [Doc. # 44] Documenting Attorneys' Fees and Costs to be Recovered from Defendants.

BGI, represented by Chicago counsel, seeks an attorney fee award at the hourly rate of $750 for a partner and $435 for a fourth-year associate, rates that are presumptively assessed for reasonableness by reference to market rates in Connecticut.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008) ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Implicitly acknowledging that these rates are higher than for comparable work by comparable Connecticut counsel, Plaintiffs urges an out-of-district rate for this Lanham Act case,

in consideration of the skill and experience of counsel (including technical and Russian language skills), the case's timing demands (a Temporary Restraining Order was granted), and availability of other counsel where the McDermott firm has been long-time corporate counsel to BGI.

BGI makes no showing of the unavailability or lack of qualification or experience of Connecticut counsel.  This case ended by default judgment, with Defendants never appearing or defending.  BGI seeks $145,453.50 in fees, representing 267.9 hours of attorney work, and $3,310.00 in costs to achieve this outcome.  The Dabney Declaration [Doc. # 44-1] claims $215,094.92 in legal fees expended overall in this case, reduced to reflect only work associated with the trademark infringement and cyberpiracy claims.  After review, the Court concludes that BGI has not made the showing required to justify the out-of-district rate sought. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 191 ("This presumption [of an in-district rate] may be rebutted—albeit only in the unusual case—if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.").  In addition, the billing records here contain overlapping entries for multiple attorneys performing the same or similar tasks on the same date yet BGI has not advised the Court that it has culled the billing records for duplicate entries.  Accordingly, the absence of duplication cannot be ascertained.

Accordingly, taking into account the nature and requirements of this case, the hourly rate to be used will be $500 for a partner and $375 for an associate, and the total hours are reduced by 10% to eliminate duplication for a fee award of $100,743.75.  Full costs of $3,313.00 are awarded. Judgment shall be amended to award to BGI $104,056.75 in fees and costs.

IT IS SO ORDERED.

_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of February, 2014.